**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>JAMES HARTMAN,<br><br>              Chapter 13 Debtor.<br><br>JAMES HARTMAN,<br><br>              Appellant,<br><br>              v.<br><br>WELLS FARGO BANK, N.A. d/b/a,<br>AMERICA'S SERVICING COMPANY,<br>U.S. BANK N.A. AS TRUSTEE FOR<br>RESIDENTIAL ASSET SECURITIES<br>CORPORATION, HOME EQUITY<br>MORTGAGE ASSEST-BACKED<br>PASS-THROUGH CERTIFICATES,<br>SERIES 2005-EMX5,<br><br>              Appellees. | Civil Action No. 15-7093 (ES)<br><br>ON APPEAL FROM ORDER OF<br>THE UNITED STATES BANKRUPTCY<br>COURT FOR THE DISTRICT OF<br>NEW JERSEY<br>[Adversary Proceeding Case No.<br>No. 15-01968 (JKS)]<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

James Hartman ("Hartman," or "Appellant") appealed an order of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") dismissing Hartman's two Count adversary complaint.[1] (*See* D.E. Nos. 1 & 4). The Bankruptcy Court dismissed Hartman's adversary complaint upon resolving a motion to dismiss in favor of Wells Fargo Bank,

---

[1] "Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an 'adversary proceeding,' . . . ." *In re Mansaray-Ruffin*, 530 F.3d 230, 234 (3d Cir. 2008). "An adversary proceeding is essentially a self-contained trial—still within the original bankruptcy case—in which a panoply of additional procedures apply." *Id.*; *see also In re Indian Palms Assocs.*, Ltd., 61 F.3d 197, 204 n.11 (3d Cir. 1995) ("Disputes litigated in the bankruptcy court are divided into adversary proceedings and contested matters. Ten types of disputes are designated as adversary proceedings in Bankruptcy Rule 7001. . . . Adversary proceedings are governed by more formal rules of procedure than contested matters and must be instituted by the filing of a complaint.").

N.A., d/b/a America's Serving Company and U.S. Bank, N.A., as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX5 (together, "Wells Fargo"). Wells Fargo opposed the appeal, asking that this Court affirm the dismissal of the adversary proceeding.

Previously, the Court affirmed the Bankruptcy Court's dismissal of Count I, but requested supplemental briefing on Count II. (*See generally* D.E. No. 11 (the "December Opinion")). The Court now resolves Hartman's appeal of the Bankruptcy Court's dismissal of Count II.

1. **Factual & Procedural Background.** The Court provides the background of this appeal in summary fashion because it writes for the parties and because it incorporates by reference facts previously set forth in this case. (*See* the December Opinion at 2-3); *see also In re Hartman*, Nos. 15-4437 & 15-5060, 2016 WL 1183175, at *1-4 (D.N.J. Mar. 28, 2016).

On June 3, 2015, Hartman filed an adversary complaint containing two Counts. In Count I, Hartman challenged the validity of Wells Fargo's claim against Hartman's property based on New Jersey statute-of-limitation grounds. (*See* D.E. No. 4-1 at A068-71). In Count II, Hartman asserted a claim for negligent misrepresentation for Wells Fargo's failure to inform Hartman that he was not eligible for a loan modification in 2009 and 2011 because Hartman previously entered into a 2008 Loan Modification agreement (and defaulted). (*See* D.E. No. 4-1 at A059-074). When the Bankruptcy Court granted Wells Fargo's motion to dismiss the adversary complaint, Hartman appealed to this Court. (D.E. No. 4-1 at A072-73).

The Court affirmed the Bankruptcy Court's dismissal of Count I, but reserved determination of Hartman's appeal as to Count II. (*See* December Opinion at 8-10). In light of its prior rulings, the Court was concerned that it lacked subject-matter jurisdiction to resolve Hartman's remaining state-law claim for negligent misrepresentation. (*Id.*). The Court, therefore,

ordered the parties to show cause on the issue of subject-matter jurisdiction over the appeal concerning the negligent-misrepresentation claim. (*Id.* at 10). On January 12, 2017, the parties submitted memoranda of law on the subject-matter jurisdiction issue. (D.E. Nos. 15 & 16). This matter is now ripe for review.

2. **Subject-Matter Jurisdiction.** The Court is persuaded that it has subject-matter jurisdiction over Hartman's claim for negligent misrepresentation. Pursuant to 28 U.S.C. § 1334(b), federal district courts "have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[2] The Third Circuit has explained that "related to" jurisdiction in § 1334(b) exists when the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984). Moreover, "[p]roceedings 'related to' a title 11 case include causes of action owned by the debtor that become property of the bankruptcy estate under 11 U.S.C. § 541(a). . . ." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 226 (3d Cir. 2004).[3]

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis added.

[3] In their supplemental briefing, the parties disagree whether the Bankruptcy Court had core or non-core jurisdiction over Count II. (D.E. No. 15 at 3; D.E. No. 16 at 5). To be sure, "[w]hether a claim is core or non-core does not affect a bankruptcy court's jurisdiction to hear a case, only its authority to enter a final order." *In re Radnor Holdings Corp.*, 564 B.R. 467, 486 (D. Del. 2017). Here, the Bankruptcy Court made no explicit determination whether it had core or non-core jurisdiction over Hartman's negligent-misrepresentation claim. (*See* D.E. 4-2 at A361-76); *see also Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014) ("It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core."). Nevertheless, the Court agrees with Wells Fargo that the negligent-misrepresentation claim is not a core proceeding because it "does not invoke a substantive provision of the Bankruptcy Code; nor is it the type of claim that can only arise in bankruptcy." (D.E. No. 15 at 3); *see In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996) (explaining that a proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case").

As a non-core proceeding and without clear consent of the parties, the Bankruptcy Court was only "authorized to hear [the] proceeding," and then "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). In any event, this Court will treat the Bankruptcy Court's order and opinion as proposed findings of fact and conclusions of law for purposes of this appeal. *See* Sept. 18, 2012 D.N.J. Standing Order of Reference 12-1, http://www.njd.uscourts.gov/sites/njd/files/StandingOrder12-1.pdf ("The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the

Here, Hartman's claim for negligent misrepresentation allegedly arose before Hartman filed his second petition for bankruptcy. On March 4, 2008, Hartman entered into a loan modification agreement with Wells Fargo, but on December 16, 2008, Hartman filed for joint bankruptcy. (D.E. No. 4-1 at A062-63). After his first petition for bankruptcy, on December 23, 2009, Hartman began a second loan modification application with Wells Fargo. (*Id.* at A063). On February 2011, Hartman began a third loan modification application with Wells Fargo. (*Id.* at A065). On June 2, 2011, Wells Fargo notified Hartman that he was not eligible for a loan modification because he was granted a loan modification in 2008. (*Id.*). Finally, on January 22, 2015, Hartman filed for the instant individual Chapter 13 bankruptcy. (*Id.* at A068). Thus, Hartman's claim for negligent misrepresentation against Wells Fargo arose after his 2008 petition for bankruptcy, but before his January 2015 petition for bankruptcy and, therefore, became a part of the 2015 bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (defining property of the estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case").

If Hartman were to recover damages from his negligent-misrepresentation claim, such a recovery could conceivably have an effect on the estate being administered in bankruptcy. *See In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1181 (3d Cir. 1996) (explaining that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in anyway impacts upon the handling and administration of the bankrupt estate"). Accordingly, the Court has subject-matter jurisdiction over Hartman's negligent misrepresentation claim.

---

bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.").

3. **Standard of Review.** A federal district court has jurisdiction over appeals "from final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). The district court must "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *See In re United Health Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005). If necessary, the court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

Here, Hartman is seeking review of the Bankruptcy Court's order (D.E. No. 4-2 at A361-62), which dismissed his adversary complaint. *See In re Mullarkey*, 536 F.3d 215, 220 (3d Cir. 2008) (confirming the district court's jurisdiction over bankruptcy appeal in which bankruptcy court issued an order granting motion to dismiss complaint); *Taylor v. Slick*, 178 F.3d 698, 701 (3d Cir. 1999) (finding that Third Circuit had jurisdiction through 28 U.S.C. § 158(d) over the district court's appellate review of a bankruptcy appeal involving motion to dismiss an adversary complaint).

Pursuant to Federal Rule of Civil Procedure 12(b)(6),[4] a court may dismiss a claim for failing to state a basis upon which relief can be granted. In deciding a Rule 12(b)(6) motion, "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must contain more than "labels and conclusions or a formulaic

---

[4] As the Bankruptcy Court noted, Federal Rule of Civil Procedure 12(b)(6) applies to a Bankruptcy Court's resolution of motion to dismiss an adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. (D.E. No. 4-2 at A367).

recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4. **Negligent Misrepresentation.** In New Jersey, "[a] cause of action for negligent misrepresentation may exist when a party negligently provides false information." *Karu v. Feldman*, 119 N.J. 135, 146 (1990). To establish a negligent misrepresentation claim, a plaintiff must prove "that the defendant negligently made an incorrect statement of a past or existing fact, that the plaintiff justifiably relied on it and that his reliance caused a loss or injury." *Masone v. Levine*, 382 N.J. Super. 181, 187 (App. Div. 2005). Although an act of omission may be sufficient, a plaintiff may not bring a negligent misrepresentation claim "unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002) (explaining that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law").

The Court agrees with the Bankruptcy Court that Count II of Hartman's adversary complaint should be dismissed because Hartman has failed to plausibly state a claim for relief. As a threshold matter, to sustain a claim for negligent misrepresentation, Hartman was required to plead that Wells Fargo owed him a duty of care arising independent from any contractual duties between the parties. *See S. Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 396 (D.N.J. 2007). "If there is no duty owed to a plaintiff independent of what the defendant owes

plaintiff under a contract, a plaintiff may not maintain a tort claim (as a necessary element of the tort claim is absent)." *Id.*

Here, the adversary complaint does not allege that Wells Fargo owed Hartman any independent duty of care. Instead, the adversary complaint alleges that Wells Fargo only "had a duty to act in good faith, to undertake reasonable due diligence, and to use a reasonable standard of care when communicating with the Plaintiff *in connection* with the Mortgage Loan." (D.E. No. 4-1 at A072). In essence, Hartman is alleging that Wells Fargo breached only a duty of care arising out of their contractual relationship—not a duty of care arising from an independent source. *See Int'l Minerals & Min. Corp. v. Citicorp N. Am., Inc.*, 736 F. Supp. 587, 597 (D.N.J. 1990) ("Where a party does not owe another a duty of care absent the existence of a contract, a separate duty of care cannot arise simply by virtue of the existence of the contract."); *see Saltiel*, 170 N.J. at 316 (holding that a tort claim may lie if a defendant owes a duty of care separate and apart from the contract between the parties). Indeed, as Hartman explained to the Bankruptcy Court, the only duty that Wells Fargo is alleged to have breached arose through its status "*[a]s servicer of the Mortgage Loan*." (D.E. No. 3-7 at 16).

Accordingly, Hartman has failed to plausibly state a claim for relief because he has not pleaded that Wells Fargo owed him a duty of care independent from their contractual relationship. *See S. Broward Hosp. Dist.*, 516 F. Supp. 2d at 396 (dismissing claim for negligent misrepresentation because the plaintiffs "failed to plead any duty independent of the contracts between" the plaintiff and defendant); *see also Skypala v. Mortgage Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) ("[M]ere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort.").

Moreover, like the Bankruptcy Court, this Court is also "not aware of any precedent . . . holding a lender liable for negligent statements or omissions made during the course of a loan modification review." (D.E. No. 4-2 at A374). Rather, the Court finds persuasive the reasoning of courts who have *declined* to recognize negligent misrepresentation claims arising out of a lender's alleged breach of duty during the loan modification process. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Legore v. OneWest Bank FSB*, 898 F. Supp. 2d 912, 919 (D. Md. 2012) (dismissing plaintiff's negligent misrepresentation claim against lender because obligation to review loan modification application under a federal statute "does not create the 'special circumstances' required to form a tort duty under Maryland law").

For example, in *Wigod v. Wells Fargo Bank, N.A.*, the Seventh Circuit held that the economic loss doctrine barred the plaintiff's claims of negligent misrepresentation because "[a]ny duty Wells Fargo may have had to provide accurate information to [the plaintiff] arose directly from their commercial and contractual relationship." 673 F.3d at 574. The court in *Wigod* noted further that "[a]ny disclosure duties owed here are contractual ones and therefore do not sound in the tort[] of negligent misrepresentation" because such duties arise only because the parties executed a preliminary loan modification agreement. *Id.* Similarly, Hartman's allegations support the same conclusion because the only duties Wells Fargo was alleged to have breached arose because of their pre-existing contractual relationship. *Id.*; (*see* D.E. Nos. 4-1 at A072; 3-7 at 16).

Hartman has made no effort to address why the Bankruptcy Court's reasoning was unsound. (*See* D.E. No. 4 at 18-20). All the cases Hartman cites do not involve claims of negligent misrepresentation in the loan modification process. (*See id.*). In essence, Hartman's argument is merely that "Wells Fargo negligently provided [Hartman] false information regarding the Note and Mortgage, which Appellant justifiably relied upon, causing Appellant damages." (*Id.* at 18).

8

Without any factual allegation indicating that Wells Fargo breached a duty owed to Hartman independent of their contractual relationship, Hartman has failed to plausibly state a claim for negligent misrepresentation.

Hartman, therefore, has not alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of negligent misrepresentation. *Phillips*, 515 F.3d at 234. Accordingly, the Court will AFFIRM the Bankruptcy Court's dismissal of Count II of Hartman's adversary complaint. (*See* D.E. Nos. 4-1 at A072-73; 4-2 at A373-76).

5. **Conclusion.** Accordingly, the Court AFFIRMS the Bankruptcy Court's order DISMISSING Count II of Hartman's Complaint.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**